UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ALVIN HEGGE, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> JAY INSLEE, *et al.*, <br><br> Defendants. | Case No. C20-6170-BJR-MLP <br><br> REPORT AND RECOMMENDATION |

**I.     INTRODUCTION AND SUMMARY CONCLUSION**

This is a civil rights action filed by nineteen *pro se* prisoners relating primarily to the conditions of their confinement at the Stafford Creek Corrections Center ("SCCC") in Aberdeen, Washington. Plaintiffs identified forty-nine Defendants in their complaint and requested damages. Service of the complaint has not been ordered because of questions concerning whether this action should proceed as a single, multi-plaintiff, prisoner civil rights action, or should, instead, proceed as several separate actions. In an effort to resolve these questions, the Court issued an Order directing Plaintiffs to show cause why all but the first named Plaintiff, Alvin Hegge, should not be dismissed from this action without prejudice to the remaining

REPORT AND RECOMMENDATION
PAGE - 1

Plaintiffs instituting new, separate, lawsuits should they desire to do so. Only Mr. Hegge responded to the Order to Show Cause. The Court, having now reviewed Mr. Hegge's response, and the balance of the record, concludes that all Plaintiffs except Mr. Hegge should be dismissed from this action for failure to prosecute.

## II.   BACKGROUND

Plaintiffs initiated this action in November 2020 by filing their proposed civil rights complaint in the United States District Court for the Eastern District of Washington. (*See* Dkt. # 1.) The case was subsequently transferred to this District after it was determined that all of the Plaintiffs were housed in this District and all of the claims apparently arose in this District. (*See* Dkt. ## 3-4.) Plaintiffs did not submit with their complaint any filing fee or any applications to proceed *in forma pauperis*.[1] (*See* Dkt. # 1.) Once the case was received in this District, the Clerk sent deficiency letters to each of the nineteen Plaintiffs advising them that the filing fee requirement must be met by submitting either the full filing fee or a completed application to proceed *in forma pauperis*. (Dkt. # 7.) Two Plaintiffs, Steven Burr and Jeffrey Ziegler, responded to the Clerk's deficiency letters by submitting applications to proceed *in forma pauperis* (dkt. ## 11-12), and Mr. Hegge thereafter paid the full filing fee (*see* docket entry dated 01/19/2021). The remaining Plaintiffs have not responded in any fashion to the Clerk's letters.

After Mr. Hegge paid the filing fee, and the time for the remaining Plaintiffs to correct their filing fee deficiencies had expired, the Court proceeded to review Plaintiffs' complaint. The complaint was submitted as a proposed class action complaint and included a request for

---

[1] Plaintiff Alvin Hegge indicated in the complaint, which he apparently authored, that he would pay the filing fee once a case number was assigned. (*See* Dkt. # 13 at 29.) Mr. Hegge made a similar representation in a letter submitted with the complaint. (*See* Dkt. # 1-1.)

REPORT AND RECOMMENDATION
PAGE - 2

certification under Fed. R. Civ. P. 23(c) with Mr. Hegge acting as the class representative under Fed. R. Civ. P. 23(a). (*See* Dkt. # 13 at 1, 29-30.) Plaintiffs alleged in the complaint various violations of their federal constitutional rights relating to the conditions of their confinement at SCCC. Specifically, Plaintiffs alleged that, due to the removal of the dishwasher at SCCC, and implementation of a new dish cleaning process, eating utensils (trays, sporks, and cups) did not get properly cleaned and they had been forced to ingest a harmful pesticide sanitizer which is part of the new cleaning process. (*Id*. at 16-18, 26.) Plaintiffs claimed that the sanitizer had resulted in health issues for some of them, including vomiting and diarrhea, and that the new cleaning process also caused the spread of harmful bacteria and viruses, including COVID-19. (*See id*.) Plaintiffs alleged as well that some of the named Defendants had been deliberately indifferent to their safety in relation to COVID-19 by failing to comply with facial covering and social distancing mandates. (*Id*. at 20, 27.)

Plaintiffs alleged that they had been subjected to retaliation for attempting to challenge the new cleaning process, and that Defendants had destroyed portions of Plaintiffs' legal records and files and prevented them from working together to litigate legal actions against prison officials relating to the new cleaning process. (*Id*. at 18-19.) Plaintiffs claimed that State of Washington and Washington Department of Corrections ("DOC") officials had engaged in a conspiracy to obstruct justice and deprive them of their constitutional rights, apparently in relation to their attempts to challenge the new cleaning process. (*Id*. at 21.) Relatedly, Plaintiffs claimed that Magistrate Judge J. Richard Creatura and Deputy Clerk Tyler Campbell, having knowledge of the wrongs

REPORT AND RECOMMENDATION
PAGE - 3

committed by other named Defendants, failed to prevent those wrongs by "cancelling and returning a check from Alvin Hegge to pay for his share of the filings [sic] fee."[2] (*Id*.)

Finally, in a claim seemingly unrelated to conditions of confinement at SCCC, Plaintiffs alleged that three attorneys who provide contract services to the DOC failed to provide legal assistance and prevented prisoners from providing legal assistance to each other, resulting in the continued false imprisonment of Mr. Hegge and Plaintiffs Jeffrey Ziegler and Eugene Garvie. (*Id*. at 20-21, 27.)

After reviewing Plaintiffs' complaint, the Court determined that there were significant deficiencies in the pleading, but concluded that prior to addressing those deficiencies it was necessary to first address whether this action should proceed as a single multi-plaintiff action or as several separate actions given the practical difficulties of litigating a case involving multiple *pro se* prisoner Plaintiffs. The Court therefore issued an Order directing Plaintiffs to show cause why all but the first named Plaintiff, Mr. Hegge, should not be dismissed without prejudice to the institution of separate lawsuits by the remaining Plaintiffs. (Dkt. # 16.)

The Court advised Plaintiffs in the Order to Show Cause that this case could not proceed as a class action because they were proceeding *pro se*. (*Id*. at 3.) The Court then went on to address whether Plaintiffs were properly joined in this action, identifying a number of factors

---

[2] As explained in the Court's Order to Show Cause, this claim relates to a payment Mr. Hegge made in another case filed in this Court, *Mickens v. Inslee, et al*., C20-5259-RJB-JRC. (*See* Dkt. #16 at 2 n.1, citing Dkt. # 13-4 at 42-43.) The complaint filed in *Mickens* identified over 30 Plaintiffs and raised claims substantially similar to those asserted in this action. See C20-5259-RJB-JRC, Dkt. # 1-1. The Court ultimately determined that that case should proceed as to only the first named Plaintiff, Rory Mickens. *Id*., Dkt. ## 59, 65. The remaining Plaintiffs, including Mr. Hegge, were dismissed without prejudice to those individuals instituting new, separate lawsuits. *Id*. Rather than file separate lawsuits, fifteen of the Plaintiffs dismissed from the *Mickens* case joined with four other prisoner Plaintiffs to file this action.

REPORT AND RECOMMENDATION
PAGE - 4

that militated against allowing this action to proceed as a joint action involving all nineteen named Plaintiffs. The Court first noted that, because *pro se* plaintiffs are not permitted to represent others' legal interests, Plaintiffs would *all* be required to sign every joint pleading which presented a significant logistical burden that could potentially delay resolution of the case. (*Id*. at 4, citing Fed. R. Civ. P. 11.) The Court next noted that, though there may be common issues of fact underlying some of the asserted claims, Plaintiffs' individual claims were likely to involve independent factual allegations requiring separate and distinct evidence, evaluations, and analyses which could ultimately cause delay and confusion in the resolution of this matter. (*Id*. at 5.)

The Court went on to explain that group litigation creates countervailing costs. In particular, the Court observed that Plaintiffs would be required to serve any submissions to the Court on all other co-Plaintiffs and personally bear the costs of such service. (*Id*. at 6, citing Fed. R. Civ. P. 5.) The Court noted as well that even though Mr. Hegge had paid the filing fee in this case, that did not relieve the remaining Plaintiffs of their obligation to meet the filing fee requirement. (*Id*., citing *Boriboune v. Berge,* 391 F.3d 852, 854–56 (7th Cir. 2004); *Hubbard v. Haley,* 262 F.3d 1194, 1196–98 (11th Cir. 2001).)

Plaintiffs were advised that they had thirty days to file a response to the Order. Plaintiffs were further advised that if any Plaintiff failed to timely respond to the Order, or filed a response indicating he did not wish to further participate in this action, this would result in a recommendation that the non-responding Plaintiff(s) be dismissed from this action. (*Id*. at 7-8.) As noted above, only Mr. Hegge responded to the Order to Show Cause. (Dkt. # 20.) The time

for the remaining Plaintiffs to respond has expired. (*See* Dkt. # 18, extending time to respond to Order to Show Cause to May 5, 2021.)

### III. DISCUSSION

The fact that Mr. Hegge is the only one of the nineteen Plaintiffs to respond to the Order to Show Cause necessarily means that the remaining Plaintiffs are subject to dismissal, and the Court therefore need not delve too deeply into the specific arguments raised in Mr. Hegge's response. However, the Court deems it appropriate to address one of Mr. Hegge's arguments that is potentially relevant at this juncture despite the other Plaintiffs' failure to respond. In particular, Mr. Hegge argues that he has a constitutional right to appear as the representative/jail house lawyer for his fellow Plaintiffs under Fed. R. Civ. P. 23. (Dkt. # 20 at 8-12.) Mr. Hegge is incorrect. *Pro se* prisoners have neither the authority to represent anyone but themselves nor the competence to protect the interests of other prisoners as required by Fed. R. Civ. P. 23. *See Russell v. United States*, 308 F.2d 98 (9th Cir. 1962); *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975). *See also Abel v. Alameda Cty.*, 2007 WL 3022252, at *1 (N.D. Cal. Oct. 13, 2007) ("Pro se prisoner plaintiffs may not bring class actions.")). This action therefore may not proceed as a class action with Mr. Hegge acting as the class representative.

To the extent Mr. Hegge argues that his fellow Plaintiffs have a right to receive legal assistance from him, the argument fails to establish that the instant action should proceed as a multi-plaintiff prisoner action because, once again, a *pro se* litigant has no authority to appear as an attorney for others. *See Cato v. United States*, 70 F.3d 1103, 1105 n.1 (9th Cir. 1995); *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987). This does not necessarily preclude Mr. Hegge from providing legal assistance to his fellow prisoners, it merely precludes

REPORT AND RECOMMENDATION
PAGE - 6

Mr. Hegge from representing his co-Plaintiffs before this Court. The Court finds it noteworthy that while Mr. Hegge argues that he should be permitted to provide representation to his fellow Plaintiffs, none of his co-Plaintiffs signed the response to the Order to Show Cause in which Mr. Hegge makes this argument, and none have otherwise indicated any desire to proceed with this action.[3] As Mr. Hegge is the only Plaintiff to express a desire to proceed with this action, all other Plaintiffs should be dismissed.

## IV.     CONCLUSION

Based on the foregoing, this Court recommends that Plaintiffs Jeffrey Ziegler, Ryan Gentzler, Eugene Garvie, Josh Hegre, Steven Burr, William Richie, Sergio Peralta, Pat Nelson, Jacob Clark, Thomas Gilbert[4], Darrin Maiden, Joseph Moore, Randy Demaray, Brian Champaco, Christopher Shade, Robert Thiery, Christopher Bowman, and Andrew Skyberg be dismissed from this action for failure to prosecute. This Court further recommends that Plaintiff Alvin Hegge be permitted to proceed with this action, but only upon submission of an amended complaint setting forth claims pertaining only to him. A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's

---

[3] The Court observes as well that there is no indication that Mr. Hegge even served his response on his fellow Plaintiffs as he is required to do under Fed. R. Civ. P. 5.

[4] The Court was advised during the pendency of this action that Plaintiff Thomas Gilbert is now deceased. (*See* Dkt. # 14.)

REPORT AND RECOMMENDATION
PAGE - 7

1  motions calendar for the third Friday after they are filed. Responses to objections may be filed

2  within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter

3  will be ready for consideration by the District Judge on **July 9, 2021**.

4  DATED this 11th day of June, 2021.

MICHELLE L. PETERSON
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 8