The Honorable Barbara J. Rothstein

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ALVIN HEGGE, et al.,

    Plaintiffs,

v.

JAY INSLEE, et al.,

    Defendants.

Civil Action No. 3:20-cv-06170-BJR-MLP

ORDER ADOPTING REPORT AND RECOMMENDATION

## I. INTRODUCTION

Before the Court is the Report and Recommendation ("R&R") of Magistrate Judge Michelle L. Peterson. The R&R recommends that all claims except for those of plaintiff Alvin Hegge be dismissed for failure to prosecute. The R&R further recommends allowing plaintiff Hegge's claims to proceed, provided his complaint is amended to reflect only the claims pertinent to him.

Having reviewed the R&R, the objections thereto, the relevant legal authority, and the record of the case, the Court will adopt the R&R.

## II. BACKGROUND

Plaintiffs are current and former prisoners at Stafford Creek Correctional Center ("SCCC")

in Aberdeen, Washington. Dkt. 21 at 1. Plaintiffs filed a civil rights action under 42 U.S.C. §§ 1983, 1985, and 1986, alleging that the conditions of their confinement at SCCC violated their constitutional rights. Dkt. 21 at 3. The complaint alleges the use of an unsanitary and toxic kitchenware cleaning process, deliberate indifference of SCCC staff to Plaintiffs' safety during the COVID-19 pandemic, and retaliation for their attempts to pursue legal action. Dkt. 21 at 3-4.

Plaintiffs sought to certify this action as a class action under Fed. R. Civ. P. 23(a), with all litigants proceeding *pro se* and plaintiff Hegge serving as the class representative.[1] Dkt. 1 at 4-5, 29-30. Defendants in this case include Governor Jay Inslee, Attorney General Robert Ferguson, various other state and local officials, and members of the SCCC staff. *Id.* at 1. Plaintiffs also claim that Magistrate Judge J. Richard Creatura and Deputy Clerk Tyler Campbell failed to prevent the wrongs of the above-listed defendants by returning a check for the filing fee sent by plaintiff Hegge. Dkt. 21 at 3-4.

On February 22, 2021, Magistrate Judge Peterson issued an order to show cause directing Plaintiffs to demonstrate why all plaintiffs except for plaintiff Hegge should not be dismissed for failure to prosecute based on their lack of individual participation in the case. Dkt. 16. Among other things, the order instructed the putative plaintiffs to file a signed response indicating that they wished to participate in this action. *Id.* at 8. When no plaintiff other than plaintiff Hegge responded, Magistrate Judge Peterson issued an R&R recommending that the putative plaintiffs be dismissed without prejudice for failure to prosecute. Dkt. 21 at 7. Plaintiff Hegge filed objections to the R&R on July 7, 2021. Dkt. 26.

---

[1] The 18 prisoners plaintiff Hegge seeks to represent are referred to as the "putative plaintiffs" in this order.

### III. DISCUSSION

When a party properly files specific written objections to an R&R, the district court reviews the Magistrate Judge's findings *de novo*. *United States v. Raddatz*, 447 U.S. 667, 673 (1980); Fed. R. Civ. P. 72(b). The Court may accept, reject, or modify, in whole or in part, the findings and recommendations made by the Magistrate Judge. *Id.* at 673-74. *Pro se* filings are held to a "less stringent standard than formal pleadings drafted by lawyers" and are thus liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

The issue before the Court is whether this case can be maintained as a class or joint action or if all plaintiffs except plaintiff Hegge should be dismissed. Magistrate Judge Peterson's order to show cause noted that Plaintiffs were improperly seeking to proceed as a class under Federal Rule of Civil Procedure 23(c), with plaintiff Hegge serving as representative. Dkt. 16 at 3. Magistrate Judge Peterson then analyzed whether the putative plaintiffs could be joined under Rule 20 and found that, "though there may be common issues of fact underlying some of the claims, Plaintiffs' individual claims will also involve independent factual allegations which would require separate and distinct evidence, evaluations, and analyses." *Id.* at 5. Magistrate Judge Peterson further stated that, even if joinder were proper, all Plaintiffs would need to read, approve, and sign each joint filing—a requirement that presents numerous logistical problems for prisoners and with which Plaintiffs have not complied. *Id.* at 4. In her R&R, Magistrate Judge Peterson reiterated these deficiencies and emphasized that none of the plaintiffs aside from plaintiff Hegge had responded to the order to show cause. *See* Dkt. 21.

As an initial matter, Magistrate Judge Peterson is correct that Plaintiffs cannot proceed as a class and plaintiff Hegge cannot serve as representative or formal legal counsel for his fellow

prisoners.[2] *See Russell v. United States*, 308 F.2d 98 (9th Cir. 1962); *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975); *see also Abel v. Alameda Cty.*, 2007 WL 3022252, at *1 (N.D. Cal. Oct. 13, 2007) ("Pro se prisoner plaintiffs may not bring class actions.").

Furthermore, as Magistrate Judge Peterson noted, "[b]ecause [pro se] [p]laintiffs cannot represent others' legal interests . . . , *all* [Plaintiffs] must sign the complaint and any . . . joint filings." Dkt. 16 at 4 (emphasis in original) (citing Fed. R. Civ. P. 11).  Plaintiffs have not done so.  The response to the order to show cause was signed only by plaintiff Hegge and thus cannot serve as a joint filing.  Dkt. 20.  No other plaintiff filed a separate response, despite Magistrate Judge Peterson's order explicitly warning them that if they did not respond, it would represent a failure to prosecute.  Dkt. 16 at 8.

Additionally, plaintiff Hegge asserts that the Court lacked jurisdiction to dismiss any parties from this action because service had not been ordered on Defendants. *See, e.g.*, Dkt. 26 at 4-8.  This assertion is groundless.  The complaint names nearly 50 Defendants, including Governor Inslee and Magistrate Judge Creatura.  Dkt. 1 at 1-2.  The complaint fails to explain who many of the other defendants are, let alone describe the role they played in the alleged constitutional violations.  *See id.* at 2.

The Prison Litigation Reform Act of 1996 ("PLRA") requires the Court to screen complaints brought by prisoners against a government entity, officer, or employee. 28 U.S.C. § 1915(a); *see Jones v. Dep't of Corrs.*, No. C21-1334-BJR-SKV, (W.D. Wash. Nov. 2, 2021).

---

[2] Plaintiff Hegge's argument that "Magistrate Peterson is attempting to confuse a 'class action' under [Rule] 23(c) which requires appointment of counsel, and [Rule] 23(a) [which] does not require representation on behalf of other plaintiff(s), but only a joint effort in the litigation" is unsupported and inaccurate. Dkt. 26 at 20.

4

Courts must dismiss any complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2); *see Jones*, No. C21-1334-BJR-SKV, at *4. Rule 8 of the Federal Rules of Civil Procedure requires that a complaint give a defendant sufficient notice of the claim and the grounds upon which it rests. *See Conley v. Gibson*, 355 U.S. 41, 47 (1957).

Plaintiff Hegge's complaint does not meet the Rule 8 standard. Before service is ordered, plaintiff Hegge must either amend his complaint to include specific allegations against each defendant or remove defendants that have no clear connection to the conduct alleged in the complaint.

In summary, the Court adopts the R&R's recommendation that all plaintiffs except for plaintiff Hegge be dismissed without prejudice for failure to prosecute. Plaintiff Hegge's action may proceed, but he must amend his complaint to reflect only his individual allegations and to include specific allegations against those defendants against whom he wants to proceed.

### IV. CONCLUSION

For the foregoing reasons, the Court hereby adopts the R&R (Dkt. 21). All plaintiffs except Alvin Hegge are dismissed without prejudice. If any of these plaintiffs wish to pursue their claims, they may do so in separate, individual actions. Plaintiff Hegge is ordered to amend his complaint as described herein no later than 30 days from the date of this order.

DATED this 7th day of February, 2022.

BARBARA J. ROTHSTEIN
UNITED STATES DISTRICT JUDGE